TE'O MAPU TOGIOLA, Appellant

vs.

UFAGAFA TALELEI TULAFONO, Appellee

[In the Matter of the Matai Title "TOGIOLA"
in the Village of Sa'ilele]

High Court of American Samoa
Appellate Division

AP. NO. 28-85

December 18, 1986

Before REES, Chief Justice, GARDNER*, Acting Associate Justice, KENNEDY**, Acting Associate Justice, AFUOLA, Associate Judge, and A'AU, Associate Judge.

Counsel: For the Appellant, Albert Mailo
For the Appellee, Malaetasi Togafau

PER KENNEDY, J.:

This action was brought to determine the matai title to "Togiola" of the village of Sa'ilele. At the time of filing, there were four candidates for the Title. However, only two candidates, Ufagafa Talalelei (Ufagafa) and Te'o Mapu Togiola (Te'o), presented any evidence. After considering the evidence, the trial division awarded the title to Ufagafa. Te'o appeals arguing that the trial division's conclusion was clearly erroneous and not supported by substantial evidence. We conclude that substantial evidence supported the judgment, and we affirm.

Section 1.0409 of the American Samoa Code Annotated sets the standards for determining which candidate prevails in a claim to matai title. Section 1.0409 provides that four factors, in descending order of priority, control the result.

127

First, the candidate with the best hereditary title has the stronger claim. Second, the candidate with the support of more clans has the stronger claim. Third, the candidate with more forcefulness, character, personality, and knowledge of Samoan customs has the stronger claim. Fourth, the candidate who will be more valuable to the family, village, and country has the stronger claim.

The trial court concluded that each of the factors was either inconclusive or pointed to Ufagafa. The parties presented conflicting evidence as to the hereditary right to the title. Ufagafa presented a coherent scheme of lineage that showed that he and Te'o both had a 1/16 claim. This is consistent with the court's determination in the 1983 dispute over the Togiola title that Te'o's father, the prevailing claimant in that case, had a 1/8 claim, and that Ufagafa had a 1/16 claim. Te'o argues vigorously that he had a 1/16 claim and that Ufagafa has a 1/32 claim. At best this creates a conflict in the evidence. Also, Te'o's testimony on this point was internally inconsistent. Therefore, the trial division's conclusion that the parties had equal hereditary rights was supported by substantial evidence.

The trial court determined that the family support was divided. The record is replete with testimony that indicates that many of the family segments did not have an opportunity to fully consider all the candidates. The two withdrawn candidates also drew some support. Further, it appears that since the original titleholder had only one son, there is only one true clan in the family. Thus, the trial division did not err in concluding that neither candidate had the support of a majority or plurality of the clans.

The trial division determined that Ufagafa has stronger personal characteristics and greater value to the community. Notably, Ufagafa has a distinguished career in public service, including service as a Senator and as the first district court judge in American Samoa. Ufagafa grew up in Sa'ilele, graduated from Washburn University School of Law, and has great value to the family. Te'o has had a fine career as a police officer. Te'o concedes that Ufagafa has a greater earning capacity. The trial division's conclusion that the third and fourth factors point to Ufagafa was not clearly erroneous. Therefore, the trial division's conclusion that Ufagafa prevails under § 1.0409 must be AFFIRMED.

_____

\* Honorable Robert Gardner, Chief Justice Emeritus, High Court of American Samoa, serving by designation of the Secretary of the Interior.

\*\* Honorable Anthony M. Kennedy, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.